[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15067
Non-Argument Calendar

_____

D. C. Docket No. 04-00037-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

WESTLY BRIAN CANI,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 31, 2007)**

Before ANDERSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

The government appeals the 12-month sentence of Westly Brian Cani for

various crimes related to the possession and distribution of heroin as an inmate in a federal penitentiary. See 18 U.S.C. § 1791(a)(1), (a)(2), (b)(1), (d)(1)(C); 21 U.S.C. § 841(a)(1), (b)(1)(C); 21 U.S.C. § 846. The Presentence Investigation Report calculated an advisory Sentencing Guidelines range of 262 to 327 months of imprisonment, which the district court recalculated downward to a range of 12 to 18 months of imprisonment before it imposed the sentence of 12 months of imprisonment. The government contends that the district court erroneously departed downward from the initial Guidelines range and imposed an unreasonable sentence. Because we agree that the district court erred when it departed downward, we vacate Cani's sentence and remand to the district court for resentencing. We do not reach the question whether Cani's sentence is unreasonable.

During the sentencing hearing and in its post-hearing memorandum, the district court began by identifying the applicable Guidelines range to be 262 to 327 months of imprisonment, based on an offense level of 34 and a criminal history category of 6. The district court next considered Cani's arguments for downward departure, after which the court reduced Cani's offense level to 6 and recalculated the applicable Guidelines range to be 12 to 18 months of imprisonment. The district court then evaluated the factors of section 3553(a) and sentenced Cani to 12

months of imprisonment and 6 months of community confinement.

The government contests both the downward recalculation of the applicable Guidelines range and the ultimate sentence imposed. First, the government argues that the district court based the downward departure on at least one impermissible factor and did not provide adequate explanation of the departure to allow meaningful review by this Court. Second, the government contends that the 12-month sentence is procedurally and substantively unreasonable.

We review de novo whether a factor is a permissible ground for a downward departure from the Guidelines. United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005). The district court based the downward departure on an impermissible factor. The district court departed downward primarily because of Cani's addiction to heroin, which the court described as the "overriding factor in Cani's case." The Guidelines make clear that "[d]rug or alcohol dependence or abuse is not a reason for a downward departure." United States Sentencing Guidelines § 5H1.4 (Nov. 2005); see also id. § 5K2.0(d)(1) (identifying drug dependence or abuse as "prohibited departures").

The district court also failed to provide adequate explanation of the other grounds for the downward departure to allow meaningful appellate review. Although the district court identified grounds for downward departure other than

3

Cani's drug addiction, the district court declined to attribute specific levels of departure to each ground. "[W]e cannot discern to what extent the district court would have departed had it not [erroneously] considered the [drug addiction]." United States v. Dailey, 24 F.3d 1323, 1329 (11th Cir. 1994).

The district court failed to provide an explanation where specificity was required. Several of the grounds for downward departure on which the district court relied are described in the Guidelines as "not ordinarily relevant," U.S.S.G. §§ 5H1.3, 5H1.4, 5H1.6, yet the district court made no effort to explain the extraordinary relevance in this circumstance. The district court relied on section 5K2.10, which provides six factors a district court should consider, but the district court failed to discuss the factors. Cf. United States v. McVay, 447 F.3d 1348, 1356 (11th Cir. 2006) ("[M]eaningful appellate review is simply not possible due to the district court's . . . failure to consider the § 5K1.1(a) factors . . . .").

Because the district court based the downward departure in part on an impermissible factor and did not provide adequate explanation to allow meaningful review by this Court, Cani's sentence is **VACATED** and **REMANDED** for resentencing in a manner consistent with this opinion.